## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DONALD A. MILLER and JOHN W. McGUIRE, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CHICAGO TRANSIT AUTHORITY, | ) |
| | ) |
| | ) |
| Defendants. | )    Jury Demand |

## <u>COMPLAINT</u>

Plaintiffs Donald A. Miller and John W. McGuire, by their attorney, David Hemenway, complains against Defendant Chicago Transit Authority ("CTA") as follows:

### <u>Nature of Action</u>

1.     Plaintiffs Miller and McGuire both bring claims pursuant to 42 U.S.C. § 1981 ("Section 1981") for race discrimination in the enforcement of their employment contracts, and for retaliation for complaining about race discrimination in the enforcement of their employment contracts, against Defendant CTA.

2.     Plaintiff McGuire also brings claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* ("Title VII") against Defendant CTA for race discrimination and for retaliation for opposing practices made unlawful by Title VII.

## Jurisdiction and Venue

3.    This Court has original subject matter jurisdiction over both Plaintiff's Section 1981 claims, and McGuire's Title VII claims, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343.

4.    This Court also has original subject matter jurisdiction over Plaintiff McGuire's Title VII claims pursuant to 28 U.S.C. § 2000e-5(f)(3).

5.    Both Plaintiffs are residents of Cook County, Illinois, and have resided in Cook County at all times relevant to this lawsuit.

6.    Defendant CTA resides in Chicago, Cook County, Illinois.

7.    Venue in this Court is proper because all parties reside within this judicial division, and all of the events giving rise to Plaintiffs' claims occurred in this judicial district.

8.    Plaintiff McGuire timely filed a charge of discrimination with the Equal Employment Opportunity Commission on or about August 31, 2016.  He received his right-to-sue letter from the United States Department of Justice on or about November 3, 2016.   (Exhibit 1).

## Background Facts

9.    Plaintiff McGuire worked for the CTA for nearly 30 years, from November 1986 until he was fired on July 7, 2016.  McGuire is Caucasian.  His position title when fired was Mechanical Officer.

10.    McGuire performed his job responsibilities satisfactorily throughout his long tenure with the CTA, and received promotions and raises while employed

by the CTA. His last promotion occurred in or about June 2014, when he was promoted to his last position, which at the time of promotion was called Director of Bus Maintenance, but was subsequently renamed "Mechanical Officer."

11.     Plaintiff Miller worked for the CTA for nearly 31 years, from October 1985 until he was fired on July 7, 2016. Miller is Caucasian. His position title a when fired was General Manager.

12.     Miller also performed his job duties satisfactorily throughout his long tenure with the CTA, and received promotions and raises while employed by the CTA.

13.     Miller reported directly to McGuire. McGuire reported directly to Donald Bonds, Vice President, Vehicle Maintenance, beginning when Bonds was hired into the position in or about January 2015. Miller also reported indirectly to Bonds. Bonds is African-American.

14.     Bonds subjected both McGuire and Miller to racially discriminatory treatment after assuming the position of Vice President, Vehicle Maintenance.

15.     For example, in or about January 2015, Bonds falsely concluded that McGuire had indicted a preference for a Caucasian Manager, Tony Dudek, over an African-American manager, Teresa Williams, and became angry with McGuire.

16.     In or about March 2016, Bond told McGuire that he intended to create a new position, Manager of Engineering, and place Williams in the position. Bond became angry with McGuire when he suggested to Bonds that Dudek should also be considered for the position.

17.     On June 20, 2016, Bonds spoke with McGuire about his retirement plans, and, specifically, whether McGuire intended to state his intention to retire prior to July 1, 2016, in which case McGuire would have been eligible for health insurance under CTA's plan at a significantly reduced cost prior to age 55.  When McGuire said that he intended to work for CTA for the foreseeable future, Bonds told him that he might be demoted or fired.   Bonds did not cite any misconduct, rule violation, or performance deficiency that would warrant demoting or firing McGuire.

18.     Bonds held a similar meeting with an African-American General Manager, Michael Green, at or around the same time, but rather than attempt to intimidate him into retirement, Bonds requested that the African-American Manager rescind his statement of intention to retire and remain working for CTA.

19.     On the following day, June 21, 2016, McGuire contacted CTA's Equal Employment Officer, Rita Kapolla, and told her that he believed Bonds was discriminating against him on the basis of his race.   Kapolla told McGuire she would conduct an investigation into his allegations, and scheduled an additional meeting for Thursday, July 7, 2016, at 10:30 am., at which time McGuire was to provide her with documentation supporting his complaint of race discrimination.

20.     Plaintiff Miller also experienced racially discriminatory treatment from Bonds.   Bonds repeatedly showed favoritism toward a significantly less experienced manager, Bryan Robinson, as opposed to Miller, to whom Robinson reported.

4

21.     Bonds also expressed anger with Miller for attempting to implement a Performance Improvement Plan ("PIP") for an African-American manager who reported to Miller.

22.     Bonds engaged in other conduct directed toward Miller indicating racial animus, and showed favoritism toward African-American employees.

23.     On or about July 5, 2016, Miller contacted Rita Kapolla and told her that he believed he was being discriminated against because of his race.  Kappolla told Miller she would conduct an investigation, and scheduled an additional meeting for on July 7, 2016, at 11:00 a.m.

24.     On July 6, 2016, McGuire received a notification from Bonds to attend a meeting at his office at 8:30 a.m.  Miller also received notification to meet with Bonds at 8:30 a.m.on July 6, 2016.

25.     McGuire appeared for the meeting as requested.  In addition to Bonds, Robert Smith, Chief Transit Officer, and Teresa Fletcher Brown, a Human Resources representative, were present.   Smith and Brown are both African-American.

26.     Bonds told McGuire he was being terminated, effective immediately. Bonds gave no reason for the termination other than "we've decided to go in a different direction.  When McGuire said that as a 30-year employee of CTA, he should at least be provided with a reason for his termination, Bonds replied that because McGuire was an at-will employee, he did not have to provide a reason. Smith and Brown were also present.  CTA has never provided McGuire with a

reason for his termination.

28.     McGuire referenced his pending complaint with the CTA EEO Officer, and requested that a final decision regarding his CTA employment not be made until the EEO investigation was complete.  Bonds did not make any statements indicating a lack of awareness of the pending EEO investigation.  Fletcher Brown stated that the decision was up to Bonds and Smith, who stated that CTA would go through with McGuire's termination.

29.     Miller also appeared for his meeting with Bonds on July 7, 2016. Bonds told Miller he was being terminated, effective immediately.  Bonds gave no reason for the termination, but told him that he did not have to provide a reason because he was an at-will employee.  Miller has never been provided with a reason for his termination. Miller was replaced by Bryan Robinson, who was significantly less-experienced, and less-qualified, than Miller, and who is African-American.

30.     Bonds was aware that McGuire and Miller had made complaints with EEO, and that they were scheduled to meet with the EEO officer that same morning.

### Count I – Section 1981
### Race Discrimination
### Plaintiffs McGuire and Miller

31.     Plaintiffs McGuire and Miller restate and reallege paragraphs 1-30 as though fully set forth herein.

32.     Defendant CTA discriminated against McGuire and Miller on the basis of their race, Caucasian, by subjecting them to different terms and conditions of

employment, and terminating, them, because of their race, in violation of Section 1981.

33.     As a result of Defendant CTA's actions, Plaintiffs McGuire and Miller have suffered loss of income, significant loss of pension benefits endured emotional pain and suffering, and incurred attorney's fees and expenses.

**Wherefore**, Plaintiffs respectfully request that the Court grant them all available relief, including back pay, front pay, the value of lost benefits, including, but not limited to, pension benefits, compensatory damages, their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, expert fees and costs, and such other relief as the Court deems proper.

### Count II
### Section 1981 - Retaliation
### Plaintiffs McGuire and Miler

34.     Plaintiffs McGuire and Miller restate and reallege paragraphs 1-30 as though fullest forth herein.

35.     McGuire and Miller both engaged in protected activity by complaining in good faith about race discrimination in the enforcement of their employment contracts to Defendant, and Bonds was aware of their complaints.

36.     Defendant CTA fired McGuire and Miller in retaliation for their complaints about race discrimination in the enforcement of their employment contract in violation of Section 1981.

**Wherefore**, Plaintiffs respectfully request that the Court grant them all available relief, including back pay, front pay, the value of lost benefits, including,

but not limited to, pension benefits, compensatory damages, their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, expert fees and costs, and such other relief as the Court deems proper.

### Count III
### Title VII – Race Discrimination
### Plaintiff McGuire

37.     Plaintiff McGuire restates and realleges paragraphs 1-30 as though fully set forth herein:

38.     Defendant CTA discriminated against McGuire on the basis of his race, Caucasian, by subjecting him to different terms and conditions of employment, and terminating him, because of his race in violation of Title VII.

**Wherefore**, Plaintiff McGuire respectfully requests that the Court grant him all available relief, including back pay, front pay, the value of lost benefits, including, but not limited to, pension benefits, compensatory damages, their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, expert fees and costs, and such other relief as the Court deems proper.

### Count IV
### Title VII – Retaliation
### Plaintiff McGuire

39.     Plaintiff McGuire restates and realleges paragraphs 1-30 as though fully set forth herein:

40.     McGuire engaged in activity protected by Title VII by complaining in good faith about race discrimination to Defendant, and Bonds was aware of his complaint.

41.     Defendant CTA fired McGuire in retaliation for his protected activity in violation of Title VII.

**Wherefore**, Plaintiff McGuire respectfully requests that the Court grant him all available relief, including back pay, front pay, the value of lost benefits, including, but not limited to, pension benefits, compensatory damages, their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, expert fees and costs, and such other relief as the Court deems proper.

## <u>Jury Demand</u>

Both Plaintiffs Demand Trial by Jury on all Counts of the Complaint.

Donald A. Miller and John W. McGuire.
Plaintiffs

By:    /s/David Hemenway, their attorney

Law Office of David A. Hemenway, P.C.
300 S. Wacker Dr., Ste. 1700A
Chicago, IL 60606
(312) 663-4733
employmentlaw@mac.com
Attorney No. 42159

EXHIBIT 1



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7010 0290 0000 2018 0680

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

November 01, 2016

Mr. John W. McGuire
17710 Rosewood Ln.
Tinley Park, IL 60487

Re:  EEOC Charge Against Chicago Transit Authority
     No. 440201605010

Dear Mr. McGuire:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Chicago District Office, EEOC
    Chicago Transit Authority

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | John W. McGuire<br>17710 Rosewood Lane<br>Tinley Park, IL 60487 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2016-05010 | **Robert Shelton,**<br>Investigator | **(312) 869-8078** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| ☐ | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☐ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| X | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman*

**Julianne Bowman,**
**District Director**

**NOV - 1 2016**

*(Date Mailed)*

Enclosures(s)

cc:

CHICAGO TRANSIT AUTHORITY

c/o Brad L. Jansen
Deputy General Counsel, Labor and Employment
567 W. Lake St., 6th Floor
Chicago, IL 60661

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2016-05010 |

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. John W. McGuire** | **(708) 429-4435** | 06-08-1966 |

Street Address: **17710 Rosewood Lane, Tinley Park, IL 60487**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CHICAGO TRANSIT AUTHORITY** | **500 or More** | **(312) 664-7200** |

Street Address: **567 West Lake Street, Chicago, IL 60601**

RECEIVED EEOC
AUG 31 2016
CHICAGO DISTRICT OFFICE

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest / Latest: **07-07-2016**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on or about November 17, 1986. My most recent position was Mechanical Officer. During my employment, I was subjected to different terms and conditions of employment, including, but not limited to, being berated in front of my subordinates. I complained to Respondent to no avail. Subsequently, I was discharged.

I believe that I have been discriminated against because of my race, White, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights of Act of 1964, as amended. Further, I believe that I have been discriminated against because of my age, 50 (dob: June 8, 1966), and in retaliation for engaging in protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Aug 31, 2016 — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*